DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that awarded legal custody of appellant's child Katelynn M. to her maternal grandparents. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant James M., father of Katelynn M., sets forth two assignments of error:
 {¶ 3} "I. The trial court erred in finding that the Lucas County Children Services Board had made a reasonable effort to reunify the minor child with appellant.
 {¶ 4} "II. The trial court erred in granting Lucas County Children Services Board's motion for legal custody to a relative as it was against the manifest weight of the evidence to grant it."
 {¶ 5} Lucas County Children Services ("LCCS") became involved with this family in June 2004, due to concerns of domestic violence between appellant and the children's mother in the presence of Katelynn and her sister Reyanna H.[1] After the initial investigation by LCCS, an ex parte order was issued to remove the children from their parents' home. According to the case plan subsequently prepared by the agency, appellant was required to undergo a substance abuse assessment with follow-up treatment as necessary, domestic violence counseling and parenting education classes. He was also to obtain stable housing. Appellant was granted weekly visitation with Katelynn. Pursuant to an agreement reached at a mediation held on July 30, 2004, the trial court entered a finding that the children were dependent and neglected. LCCS was granted temporary custody of both children. *Page 3 
 {¶ 6} On August 22, 2007, LCCS filed a motion to transfer legal custody of both girls to their maternal grandparents, with whom they had been living since March 2007. A hearing was held on the matter on September 10, 2007. Upon consideration of the testimony, the trial court found it to be in the best interest of Katelynn and Reyanna to award legal custody to their maternal grandparents.
 {¶ 7} Appellant now asserts in his two assignments of error that the trial court erred by finding that LCCS had made a reasonable effort to reunify the children with appellant. He also asserts that the trial court did not consider all of the evidence presented at trial and that its decision was against the manifest weight of the evidence.
 {¶ 8} In support of his first assignment of error, appellant incorrectly cites R.C. 2151.414(B) and (E) as the applicable authority for granting legal custody to a relative or children services board. Contrary to appellant's assertion, it is R.C. 2151.415(A)(3) which provides the authority to grant legal custody following an initial order of temporary custody. R.C. 2151.414 governs permanent custody procedures. Further, R.C. 2151.415 does not require the trial court to find that the agency made diligent efforts to remedy the problems that initially caused the children to be placed outside the home. This court has stated that "[a] specific finding that [the agency] provided diligent efforts to reunify the family is not required in a legal custody proceeding." In re Guedel S. (June 16, 2000), 6th Dist. No. L-99-1343. Based on our review of the record, we find that, although the trial court was not required to make a finding as to reasonable efforts, *Page 4 
its finding was supported by the evidence before it and was not in error. Appellant's first assignment of error is not well-taken.
 {¶ 9} In his second assignment of error, appellant again incorrectly cites R.C. 2151.414, which governs permanent custody and termination of parental rights. An award of legal custody is not equivalent to the termination of parental rights. In the former, parents retain their residual parental rights and have the ability to petition the court at any time for the return of custody. Appellant argues that the trial court's decision is against the manifest weight of the evidence. However, after a child is adjudicated abused, neglected or dependent, the trial court may award legal custody to a non-parent upon a demonstration by a preponderance of the evidence that legal custody is in the child's best interest. In re Nice (2001), 141 Ohio App.3d 445. An appellate court will not reverse an award of legal custody absent a showing of an abuse of discretion. In re Antwan J. and Antwane J., 6th Dist. No. L-07-1128, 2008-Ohio-477.
 {¶ 10} The trial court heard the testimony of Chandra Edinger, the LCCS ongoing caseworker. Edinger testified that four-year-old Katelynn was placed with the maternal grandparents, who live in Michigan, in March 2007, after a home study was completed and approved. The supervising caseworker in Michigan reported to Edinger that Katelynn is doing very well with her grandparents and recommended awarding legal custody to them.
 {¶ 11} Edinger testified that at times appellant agrees with the motion for legal custody and at other times does not. She explained that the agency was seeking the *Page 5 
transfer of legal custody to the grandparents based on appellant's ongoing behaviors. Edinger testified that although appellant engaged in and completed some services, he did not demonstrate any sustained change in his behavior afterward.
 {¶ 12} Appellant did not successfully complete the parenting portion of his case plan. He was removed from the interactive parenting program until he was able to resolve domestic violence issues which had become apparent between appellant and the children's mother. He then was referred to domestic violence services and completed one program; however, due to "ongoing behaviors" he was referred to a second program. Appellant completed the second program, but the agency subsequently received reports that he was engaging in threatening behavior toward the children's mother and the grandparents. Edinger further testified that she received voice mails from appellant at work which contained threats. Appellant was referred to in-patient treatment at Fresh Attitude to address his substance abuse. He left that program before successfully completing it. Appellant successfully completed a substance abuse program through Compass in Toledo but admitted continuing to consume alcohol after he finished that program.
 {¶ 13} Edinger testified that appellant lived in Toledo when the case was initiated but since that time has moved back and forth between Ohio and Kentucky. At the time of the hearing, appellant lived in Kentucky and indicated that he planned to remain there. Since his most recent return to Kentucky, he has not been employed full-time. *Page 6 
 {¶ 14} Appellant testified at the hearing, acknowledging that he made threatening phone calls, which he described as "mean and quite rude." He admitted acting that way since he was a child and said he was not sorry for his behavior. Appellant stated that he "could probably go to 900 classes and that won't change anything."
 {¶ 15} Upon review of the record of proceedings in this case, we find that the trial court's decision to award legal custody to Katelynn's maternal grandparents was supported by the preponderance of the evidence and was in the child's best interest. Accordingly, the trial court did not abuse its discretion and appellant's second assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 7 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR.
[1] Appellant is Katelynn's father; Reyanna's father has not appealed the custody order. Melissa H., mother of both girls, has not appealed. *Page 1